### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| **PAUL BERNARD, JR.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No.  2:16-cv-42-JAW** |
| | ) | |
| **TOWN OF LEBANON, MAINE,** | ) | |
| | ) | |
| **Defendant** | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS AND MOTION TO AMEND

The defendant, the Town of Lebanon, Maine, moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint in this action for failure to state a claim upon which relief may be granted.  For the reasons that follow, I conclude that the complaint fails to state a claim.  However, I recommend that, rather than dismissing it, the court grant the plaintiff's motion, posed in a single sentence at the end of his memorandum of law in opposition to the motion to dismiss, Objection of Plaintiff Paul Bernard, Jr. to the Defendant Town of Lebanon's Motion to Dismiss Plaintiff's Complaint ("Opposition") (ECF No. 5) at 11, for leave to amend his complaint "to include a Due Process claim pursuant to 42 U.S.C. § 1983."  Specifically, I recommend that the plaintiff be afforded 10 days from the date of the court's adoption of this recommended decision, if applicable, to file an amended complaint, following which the defendant's motion to dismiss should be denied but failing which the complaint should be dismissed with prejudice.[1]

---

[1] In this court, a plaintiff seeking leave to amend a complaint should file a separate motion, which should include as an exhibit the proposed amended complaint.

## I.  Applicable Legal Standards

### A.  Rule 12(b)(6)

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted).  This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).  Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).  "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."  *Id.* (citation and internal quotation marks omitted).

## II. Factual Background

The complaint sets forth the following relevant factual allegations.[2]

The plaintiff, a student training in Massachusetts to become a paramedic, had begun a field internship with Cataldo Ambulance in that state.   Complaint and Demand for Jury Trial ("Complaint") (ECF No. 1) at 1.   Lebanon Rescue Chief Raymond Parent instructed Mario Stefano, an employee of the town, to inform Cataldo Ambulance that the plaintiff was the subject of an ongoing fentanyl investigation, an allegation that the Chief knew or should have known to be untrue.   *Id.*   As a result, the plaintiff was suspended by Cataldo Ambulance and dismissed from the paramedic program.   *Id.*   The defendant town was served with a timely notice of claim under the Maine Tort Claims Act.   *Id.* ¶ 6.

The complaint alleges defamation, false light invasion of privacy, and tortious interference with advantageous educational and economic relationships, and seeks punitive damages.   *Id.* ¶¶ 17-36.

## III. Discussion

### A. The Merits

In support of its motion to dismiss, the town begins with an assertion that it is immune from all of the plaintiff's claims under the terms of the Maine Tort Claims Act, 14 M.R.S.A. § 8101 *et seq.*   Defendant Town's Motion to Dismiss Plaintiff's Complaint ("Motion") (ECF No. 4) at 4.   The claims asserted in the complaint are state-law torts.   The relevant statutory language is the following:

---

[2] The First Circuit has instructed that, in reviewing a complaint for sufficiency pursuant to Rule 12(b)(6), a court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action."   *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citation and internal punctuation omitted).   "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible."   *Id.*   "If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility."   *Id.* (citation and internal quotation marks omitted).

> Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages.  When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter.

14 M.R.S.A. § 8103(1).

The plaintiff's opposition to the motion to dismiss does not invoke any of the limited exceptions to this blanket immunity provided by the following section of the Maine Tort Claims Act, 14 M.R.S.A. § 8104-A.  Rather, he cites federal case law dealing with federal constitutional claims, Opposition at 6-10, which is not applicable to the state-law claims asserted in his complaint.  The defendant is entitled to dismissal of the complaint for this reason alone.

However, even if the exemptions provided by the Maine Tort Claims Act are addressed, none of them is applicable to the complaint as filed.  First, the complaint does not allege any claim based on the ownership or maintenance of vehicles, machinery, or equipment.  14 M.R.S.A. § 8104-A(1).  Nor can the claims asserted in the complaint be reasonably construed to arise out of the construction, operation, or maintenance of a public building.  14 M.R.S.A. § 8104-A(2).  Similarly, the claims in the complaint do not arise from the discharge of pollutants or road construction, street cleaning, or road repair.  14 M.R.S.A. § 8104-A(3) & (4).

In addition, if a municipality obtains insurance coverage for claims for which it would otherwise be immune under the Maine Tort Claims Act, it will be liable up to the limits of that coverage, waiving its immunity to that degree.  14 M.R.S.A. § 8116.   Here, the defendant has submitted evidence that its liability insurance policy does not provide coverage for any of the claims asserted in the complaint, Motion at 5-6 & Argonaut Group Public Entity Insurance (ECF No. 4-1) at [7] (limiting liability to torts for which immunity is expressly waived by Maine Tort Claims Act), and the plaintiff has not offered any contrary evidence or argument.

4

Finally, the complaint includes a separate count seeking punitive damages.  Complaint ¶¶ 34-36.  Because each of the substantive counts of the complaint fails to state a claim upon which relief may be granted, this count must be dismissed as well.  *Pan Am Sys., Inc. v. Hardenbergh*, 871 F.Supp.2d 6, 18-19 (D. Me. 2012).

### B.  Leave to Amend Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The First Circuit has explained:

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . .  As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting.  Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here).  Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed.R.Civ.P. 16(b).  This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.  Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

In this case, the plaintiff requested leave to amend in the context of opposing the motion to dismiss.  No scheduling order has issued.  Therefore, the liberal default rule applies.  For that

reason, I recommend that the court grant the plaintiff's motion to amend with the specific parameters included in the conclusion, immediately below.

## IV. Conclusion

For the foregoing reasons, while I conclude that the complaint fails to state a claim upon which relief can be granted, I recommend that the court **GRANT** the plaintiff's motion for leave to amend his complaint and afford him 10 days from the date of the court's adoption of this recommended decision, should the court so rule, to file an amended complaint, following which the defendant's motion to dismiss should be **DENIED** but failing which the complaint should be dismissed with prejudice.

### _NOTICE_

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 22nd day of July, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge